UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ROBERT DINGLE, JR.,

                  Plaintiff,              **MEMORANDUM & ORDER**
                                             24-CV-4026 (EK)(CHK)

                  -against-

CITY OF NEW YORK et al.,

                  Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Robert Dingle, an employee of the New York City Department of Sanitation, brings discrimination claims against the City of New York and certain other defendants. Proceeding *pro se*, he asserts causes of action under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  He also brings several constitutional claims.

        For the reasons that follow, the complaint is dismissed in its entirety with leave to file an amended complaint.[1]

---

[1] The full list of defendants is: the City of New York; Sylvia O. Hinds-Radix, in her official capacity as Corporation Counsel of the City of New York; the New York Department of Sanitation ("DSNY"); Reginald Timothee, in his official capacity as Assistant Commissioner, DSNY; Anthony Mason, in his official capacity as Deputy Director, DSNY; Joe Wint, DSNY employee; Steven Harte, Deputy Commissioner — Support Services, DSNY; Frank Depalo, DSNY employee; Joe Cicervo, Supervisor, DSNY; Dominic Dirico, Supervisor, DSNY; Daniel Rosenblum, DSNY employee; Inspector General, Department of Investigation; Steven Tinkler, Investigator, DSNY; and James Murphy, Inspector, Department of Investigation.  The City argues in their motion to dismiss that no defendant was properly served apart from the City, DSNY, and Mr. Wint.  On February 5, the Court referred the service issue to Judge

## I.    Background

The underlying facts are taken from the form complaint that Dingle filed and the attached exhibits and are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff is a sixty-four-year-old auto mechanic at the New York City Department of Sanitation ("Sanitation Department" or "DSNY").  Compl. 9, 16, ECF No. 1.[2]  The complaint does not explicitly allege indicate his race, but we read the context to suggest that he is Black.  *See, e.g.*, *id.* at 17.

The factual allegations in plaintiff's form complaint are not entirely clear.  Dingle references a fire in an unnamed DSNY facility.  A colleague of Dingle's — defendant Joe Wint — told a supervisor that he "came back to the mechanics bay" to observe Dingle "sitting in the bay, where the fire was, with a highly flammable piece of diesel equipment" in the vicinity.  *Id.* at 16.  Wint also told the supervisor — defendant Anthony Mason — that Dingle had not "notic[ed] nor smell[ed] the fire" because he "had earbuds in both ears and . . . was on his tablet."  *Id.*

Dingle claims that Wint's statement was false, *id.* at 15, but that it induced Mason to hold a "fake disciplinary

_____

Kaminsky for a Report and Recommendation.  Judge Kevin Kerrigan of the New York State Supreme Court was previously a defendant, but was dismissed in September 2025.

[2] Page numbers refer to ECF pagination of the complaint and attached documents.

hearing," and that everyone who participated in or knew of the hearing "failed to report it to the police or the inspector general." *Id.* at 19. At the hearing, "Director Mason denied [Dingle's] request to bring Mr. Wint into the room so [he] could have an opportunity to confront [his] accuser." *Id.* at 16. No disciplinary report issued, but Dingle was transferred to another location on April 4, 2023. *Id.* at 16-17. Dingle calls this transfer a demotion and says he "suffered a reduction in pay." *Id.* at 15.

At his new facility, Dingle was placed with a new colleague whose surname is Rosenblum. Rosenblum asked about Dingle's criminal record, asked whether Dingle's "father beat [his] mother," and said he "disagreed with the way black men raised their sons." *Id.* at 17. Dingle believes DSNY placed him with Rosenblum, who "has had problems with everyone he has worked with," to "try and get [Dingle] to lose [his] temper and justify firing [him]." *Id.*

Dingle brings federal claims for age- and race-based discrimination and hostile work environment under Title VII and the ADEA; and claims under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, which we construe as brought under Section 1983. *Id.* at 8-9. He also brings analogous state and city claims. *Id.* He seeks monetary relief. *Id.* at 10-12. He filed a notice of claim in June 2023 and

3

received a right-to-sue letter in March 2024, but the letter is not attached to the complaint. *Id.* at 10.[3]

## II.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[4]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest claims it suggests.  *Erickson v. Pardus*,

---

[3] The City indicates a different date, January 4, 2024.  Defs.' Mem. 4, ECF No. 28.  However, they do not argue that the filing of this action was untimely.

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

551 U.S. 89, 94 (2007).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, a *pro se* complaint must still plead sufficient facts to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

### III. Discussion

### A.   Claims Against DSNY

The City asks that the Sanitation Department be dismissed because it is not a suable entity.  Section 396 of the City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter ch. 17 § 396.  This language means that City departments "lack the capacity to be sued."  *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-60 (2d Cir. 2008).  Accordingly, DSNY will be dismissed with prejudice.  *Antrobus v. City of New York*, No. 19-CV-6277, 2021 WL 848786, at *3 (E.D.N.Y. Mar. 5, 2021).

### B.   Employment Discrimination Claims

#### 1.   Title VII and ADEA Claims Against Wint

Neither Title VII nor the ADEA provides for individual liability.  *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (Title VII); *Martin v. Chemical Bank*, 129 F.3d 114 (2d

5

Cir. 1997) (ADEA); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (Title VII and ADEA).  Therefore, these claims are dismissed against defendant Joe Wint.

  2.  <u>Title VII Claim Against the City</u>

  Dingle brings a claim for race discrimination under Title VII.  To survive the motion to dismiss, he must plausibly allege "(1) that []he is a member of a protected class, (2) that []he was qualified for the position []he sought, (3) that []he suffered an adverse employment action, and (4) can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation."  *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).  His claim fails on the fourth prong.[5]

  The one adverse employment action Dingle alleges is his transfer, which he claims was accompanied by a reduction in pay.  Compl. 15.  The race-based comments Dingle references occurred after that transfer, when Dingle was assigned to work alongside Rosenblum.  "[R]emarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decisionmaker was

---

[5] He does not indicate his race, but he implies that he is Black. "Where a plaintiff fails to allege that he is a member of a protected class, he fails to allege a Title VII claim." *Powell v. Lab Corp.*, No. 17-CV-3632, 2018 WL 6814371, at *8 (E.D.N.Y. Dec. 27, 2018), *aff'd*, 789 F. App'x 237 (2d Cir. 2019).  Typically, this omission would be sufficient grounds to dismiss. However, there are additional bases for dismissal.  Should Dingle file an amended complaint, he should allege his race explicitly.

motivated by the discriminatory sentiment expressed in the remark." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007); *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992) (remarks qualify as "stray" when made "by persons who are not involved in the pertinent decisionmaking process"); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 249 (E.D.N.Y. 2015) (granting motion to dismiss where the plaintiff "fail[s] to allege that any of the named [i]ndividual . . . [d]efendants or anyone with control over the decision to fire [the plaintiff] made [the alleged] comments").  The complaint does not suggest that Rosenblum had any involvement in the transfer.  Thus, his comments do not give rise to an inference of discrimination, and Dingle alleges no other facts that would support a minimal inference of race-based discrimination.

3.    ADEA Claim Against the City

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  To establish a *prima facie* case under the ADEA, "a plaintiff with an age discrimination claim must show (1) that []he was within the protected age group, (2) that []he was qualified for the position, (3) that []he experienced adverse employment action, and (4) that the action occurred under circumstances giving rise

7

to an inference of discrimination." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012).

On this claim, too, the allegations are insufficient to give rise to an inference of age discrimination. "While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant[s] generally of the reasons the plaintiff believes age discrimination has been practiced." *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985). Here, the sole allegation related to age is that, during the disciplinary hearing, Director Mason said "that Mr. Wint who is 34 years old, claimed that [Dingle], 64 years old[,] tried to pick a fight with him." Compl. 16. Apart from this passing reference to the participants' ages, the complaint makes no allegation that Wint — or anyone else — commented on Dingle's age or that their dispute over the fire related in any way to age. Thus, this claim must be dismissed.

## C. Hostile Work Environment Claims

The City moves to dismiss Dingle's hostile work environment claims because he does not allege severe or pervasive harassment and he fails to connect the slights at issue to his membership in a protected class. To establish a hostile work environment under Title VII, Dingle must show that his "workplace [was] permeated with discriminatory intimidation,

ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 604 (2d Cir. 2006). Incidents must be "more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001). For a single event to suffice, it must be "extraordinarily severe." *Banks v. Gen. Motors, LLC.*, 81 F.4th 242, 263 (2d Cir. 2023). And, critically, the "mistreatment at work" must be *because of* the plaintiff's protected characteristic. *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). The Supreme Court has cautioned that "Title VII . . . does not set forth a general civility code for the American workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

1.   Plaintiff Fails to State an Age-Based Hostile
     Work Environment Claim

The complaint lacks any facts that would give rise to a plausible age-based hostile work environment claim. "Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002). Dingle's sole allegation regarding his age, noted above, does not qualify as severe or pervasive. Therefore, the age-based hostile work environment claim is dismissed.

9

2.    Plaintiff Fails to State a Race-Based Hostile
<u>Work Environment Claim</u>

Dingle does allege some comments that expressly involve race and others that may imply a connection to race.  In addition to the comments quoted above, *see supra* at p. 3; Compl. 17, Dingle says Rosenblum spent "months antagonizing and denigrating" him.  Compl. 17.

Racially charged comments will form the basis of a hostile work environment claim when they are sufficiently frequent or severe.  *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997).  When such comments are spoken by a colleague of the same (or lower) rank, however, they are generally inactionable without some reporting.  "When harassment is perpetrated by the plaintiff's coworker[], an employer will be liable . . . if the plaintiff demonstrates that the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it."  *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011).  But a remark that was "uttered by a co-worker and never reported to management" cannot be the basis of a hostile work environment claim.  *Doroz v. Tect Utica Corp.*, 669 F. App'x 28, 29 (2d Cir. 2016).  Dingle has not alleged that he reported Rosenblum's comments to anyone, or that DSNY lacked any reasonable avenue for complaint.

Even if Dingle had reported the alleged comments, they would be insufficient to give rise to liability.  The only offensive statement that is *overtly* connected to race is that Rosenblum disagreed with "the way black men raised their sons." Compl. 17.  On its own, this statement is insufficient to survive the motion to dismiss, because plaintiffs generally must allege "more than a few isolated instances of racial enmity." *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986). Dingle does not explicitly connect Rosenblum's other statements (for example, concerning spousal abuse) to Dingle's race, and statements cannot form the basis of a hostile work environment claim when they "lack a linkage" to the "claimed ground of discrimination."  *Alfano*, 294 F.3d at 377.  Regardless, the three comments at issue are insufficiently frequent or severe to support liability.

For the foregoing reasons, Dingle's hostile-work-environment claim must be dismissed.

**D.   Fifth, Sixth, and Fourteenth Amendment Claims**

The defendants move to dismiss Dingle's Fourteenth Amendment due process claim because Dingle, as a provisional employee, had no property interest in his position at DSNY and no rights under New York Civil Service Law Section 75.  The City also moves to dismiss Dingle's Fifth and Sixth Amendment claims

11

as inapplicable in this case.  We construe these claims as brought under 42 U.S.C. § 1983.

Municipalities are generally only liable under Section 1983 if the plaintiff shows that a municipal policy or custom caused the deprivation of his rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  At the same time, "a single action by a decisionmaker who possesses final authority to establish municipal policy with respect to the action ordered is sufficient to implicate the municipality in the constitutional deprivation for the purposes of § 1983."  *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004).  We assume, for the purposes of the instant motion, that Director Mason had final decisionmaking authority.

However, the complaint fails to allege any particular process that Dingle was not afforded.  "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process."  *Reed v. Goertz*, 598 U.S. 230, 236 (2023).  Dingle has not alleged the deprivation of a property interest, because "personnel decisions *short of termination* do not constitute a deprivation of a property interest cognizable under the Fourteenth Amendment."  *Mirabilio v. Reg'l Sch. Dist. 16*, 761 F.3d 212, 214 (2d Cir. 2014).  Dingle asserts that the transfer was a violation of his *liberty* as well.  Compl. 15.

Employment actions, however, implicate a liberty interest only if they "effectively put a significant roadblock in [an] employee's continued ability to practice his or her profession." *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 631 (2d Cir. 1990). The lateral transfer does not implicate any liberty interest, since Dingle continued in his profession.

Dingle's claims brought under the Fifth Amendment's Due Process Clause and Sixth Amendment's Confrontation Clause must also be dismissed. The Fifth Amendment "only applies to actions by the Federal Government." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 288 (E.D.N.Y. 2010); *Cassidy v. Scoppetta*, 365 F. Supp. 2d 283, 286 (E.D.N.Y. 2005) (dismissing Fifth Amendment claim because neither federal government nor any employee thereof was named). Dingle fails to allege federal action and thus the claim must be dismissed with prejudice. His confrontation claim will also be dismissed with prejudice since this is a civil case and "the Sixth Amendment right of confrontation does not apply in . . . civil action[s]." *Barclay v. New York*, 602 F. App'x 7, 13 (2d Cir. 2015).

**E.    Claims Against Non-Appearing Defendants**

Dingle also brings his Title VII and Section 1983 claims against a host of other individuals who have not appeared in the action. Claims against non-appearing defendants will be dismissed *sua sponte* when they are frivolous. *Joseph v.*

13

*Springer Nature*, No. 20-CV-4672, 2021 WL 1372952, at *9 (S.D.N.Y. Apr. 12, 2021), *aff'd*, No. 21-959-cv, 2021 WL 6105369 (2d Cir. Dec. 21, 2021); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) ("[I]n order to preserve scarce judicial resources . . . district courts may dismiss a frivolous complaint *sua sponte*."). Dingle's Title VII and ADEA claims against the individual defendants qualify as such because they are not proper defendants to these claims. *E.g.*, *Evans v. Port Auth. of N.Y. & N.J.*, No. 00-CV-5753, 2003 WL 1842876, at *1-2 (S.D.N.Y. Apr. 1, 2003).

The reasons that support dismissing the Section 1983 claims against the appearing defendants would also support dismissing the non-appearing defendants. *Springer*, 2021 WL 1372952, at *9. On the Fourteenth Amendment claim, Dingle has not articulated a valid property or liberty interest, nor indicated what process he was deprived of. On the Fifth Amendment claim, none of the non-appearing defendants are federal employees. The Sixth Amendment claim remains inapplicable. Therefore, the federal claims are dismissed against these individual defendants as well.

## IV. Conclusion

For the foregoing reasons, the federal claims must be dismissed. Having dismissed the federal claims, we decline to

exercise supplemental jurisdiction over the state- and city-law claims.  28 U.S.C. § 1367(c)(2); *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025).

Still, given his *pro se* status, Dingle will be granted twenty-eight days from the date of this order to amend the complaint.  Any amended complaint will completely replace, not supplement, the prior complaint.  Therefore, the amended complaint must include all claims and factual allegations against all defendants, must be captioned an "Amended Complaint," and should bear the same docket number as this Memorandum and Order.

If Dingle fails to file an amended complaint within the time allowed or cure the deficiencies identified in this order, the claims will be dismissed with prejudice, and judgment shall enter.  The Clerk of Court is respectfully directed to

15

mail a copy of this order to plaintiff and to note the mailing

on the docket.

SO ORDERED.

                                    /s/ Eric Komitee
                               ERIC KOMITEE
                               United States District Judge


Dated:     February 10, 2026
           Brooklyn, New York